IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VITA YANCY, § | |
|     *Plaintiff*, § | |
| § | CIVIL ACTION NO. |
| *vs.* § | |
| § | Jury Trial Demanded |
| AUDUBON FINANCIAL GROUP, LLC, § | |
| d/b/a AUDUBON FINANCIAL BUREAU, § | |
| and ADAM D. MARCH, INDIVIDUALLY, § | |
|     *Defendants.* § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Vita Yancy ("Plaintiff"), an individual, for Defendant, Audubon Financial Group, LLC d/b/a Audubon Financial Bureau ("Audubon") and Defendant, Adam D. March's ("Mr. March") violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the similar state law, TEX. BUS. & COM. CODE § 305.053.

2. Plaintiff seeks to recover monetary damages for Defendants' violations of law and to have an Order or injunction issued by this Court preventing Defendants from persisting in their violative behaviors.

3. Service may be made upon Defendants in any other district in which they may be found pursuant to 29 U.S.C. § 1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

6. Plaintiff is a natural person residing in the State of Texas, County of Waller, and City of Prairie View.

7. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and TEX. FIN. CODE § 392.001(1).

8. Audubon, is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by TEX. FIN. CODE § 392.001(6).

9. Mr. March is an individual who is an owner of Audubon, and at all relevant times, was engaged by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10. Upon information and good-faith belief, as an owner of Audubon, Mr. March was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

11. Upon information and good-faith belief, as an owner of Audubon, Mr. March was personally involved in the collection of Plaintiff's debt.

12. Upon information and good-faith belief, as an owner of Audubon, Mr. March was materially involved in the collection of Plaintiff's debt.

13. Upon information and good-faith belief, as an owner of Audubon, Mr. March materially participated in Audubon's debt collection activities.

14. Upon information and good-faith belief, a as an owner of Audubon, Mr. March was involved in the day-to-day operations of Audubon's debt collection business.

15. Upon information and good-faith belief, as an owner of Audubon, Mr. March exercised control over the affairs of Audubon's debt collection business.

16. Audubon and Mr. March (collectively, "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(2).

## FACTUAL ALLEGATIONS

17. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Audubon.

18. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Audubon, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

19. Audubon uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

20. In connection with the collection of an alleged debt in default (the "Debt"), Audubon placed a call to Plaintiff's cellular telephone number on October 5, 2012 at 1:27 P.M., and at such time, left the following voicemail message:

> Hi this message is intended for Vita Yancy. Uh Vita, my name is Collie I'm contacting you with the legal department in AFG. We (inaudible) to some documents that have been forwarded to our office in reference to a civil judgment claim as of now I have not signed off on your documentation. I need your formal

statement in regards to this claim. You can contact my office back at 888-839-4612. My direct extension is 129. Thank you.

21. In its October 5, 2012 voicemail message, Audubon failed to notify Plaintiff that the communication was from a debt collector.

22. In its October 5, 2012 voicemail message, Audubon failed to disclose its true corporate or business name.

23. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in its October 5, 2012 voicemail message, Audubon failed to meaningfully disclose its identity to Plaintiff.

24. In connection with the collection of the Debt, Audubon placed a call to Plaintiff's cellular telephone number on October 15, 2012 at 1:52 P.M., and at such time, left the following voicemail message:

> This is a legal message for Vita Yancy. Ms. Yancy social security number [**]9506 this is about a judgment filed against you in our office. I need you or your legal representatives to give me a call within 24 hours of this message. Phone number 888-838-5595 extension 166. The contact name would be Robin Loscovic. If you do not give me a call within the allotted amount of time then unfortunately all documentation and files will be automatically submitted for further investigation. Good day.

25. In its October 15, 2012 voicemail message, Audubon failed to notify Plaintiff that the communication was from a debt collector.

26. In its October 15, 2012 voicemail message, Audubon failed to disclose its true corporate or business name.

27. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in its October 15, 2012 voicemail message, Audubon failed to meaningfully disclose its identity to Plaintiff.

28. In its October 15, 2012 voicemail message, Audubon falsely represented the legal status of Plaintiff's alleged debt by stating that there was a "judgment filed against [Plaintiff]," when upon information and good-faith belief, there was no such judgment filed.

29. In connection with the collection of the Debt, Audubon placed a call to Plaintiff's cellular telephone number on October 18, 2012 at 11:18 A.M., and at such time, left the following pre-recorded voicemail message:

> This is Audubon Financial Bureau. Vita Yancy this will be one of our multiple attempts in contacting you to resolve document number 377506. Contact 1-855-666-1467 or have your legal representative contact us within a timely matter.

30. In connection with the collection of the Debt, Audubon placed a call to Plaintiff's cellular telephone number on October 22, 2012 at 12:54 P.M., and at such time, left the following pre-recorded voicemail message:

> This is Audubon Financial Bureau. Vita Yancy this will be one of our multiple attempts in contacting you to resolve document number 377506. Contact 1-855-666-1467 or have your legal representative contact us within a timely matter.

31. In its October 18, 2012 and October 22, 2012 voicemail messages, Audubon failed to notify Plaintiff that the communication was from a debt collector.

32. In failing to disclose that the communication was from a debt collector, in its October 18, 2012 and October 22, 2012 voicemail message, Audubon failed to meaningfully disclose its identity to Plaintiff.

33. During its October 18, 2012 and October 22, 2012 telephone calls, Audubon delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

34. Upon information and good-faith belief, Audubon placed telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

35. Audubon did not place any telephone calls to Plaintiff for emergency purposes.

5

36. Audubon did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

37. Upon information and good-faith belief, Audubon placed telephone calls to Plaintiff voluntarily.

38. Upon information and good-faith belief, Audubon placed telephone calls to Plaintiff under its own free will.

39. Upon information and good-faith belief, Audubon had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

40. Upon information and good-faith belief, Audubon intended to use an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

41. Upon information and good-faith belief, Audubon maintains business records that show all calls Audubon placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)
## AUDUBON

42. Plaintiff repeats and re-alleges each and every factual allegation contained above.

43. Audubon violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Audubon violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in

    the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(6)
## MR. MARCH

44. Plaintiff repeats and re-alleges each and every factual allegation contained above.

45. Audubon violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

46. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Mr. March violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## AUDUBON

47. Plaintiff repeats and re-alleges each and every factual allegation contained above.

48. Audubon violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## MR. MARCH

49. Plaintiff repeats and re-alleges each and every factual allegation contained above.

50. Audubon violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

51. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 15 U.S.C. § 1692e(2)(A);
b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;
c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;
e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and
f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692e(10)
### AUDUBON

52. Plaintiff repeats and re-alleges each and every factual allegation contained above.

53. Audubon violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the legal status of Plaintiff's alleged debt and conveying a false sense of urgency in attempting to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Audubon violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)
## MR. MARCH

54.   Plaintiff repeats and re-alleges each and every factual allegation contained above.

55.   Audubon violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the legal status of Plaintiff's alleged debt and conveying a false sense of urgency in attempting to collect a debt.

56.   Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Mr. March violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII
### VIOLATION OF 15 U.S.C. § 1692e(11)
### AUDUBON

57.    Plaintiff repeats and re-alleges each and every factual allegation contained above.

58.    Audubon violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Audubon violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692e(11)
## MR. MARCH

59. Plaintiff repeats and re-alleges each and every factual allegation contained above.

60. Audubon violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

61. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(5)(B)
## AUDUBON

62. Plaintiff repeats and re-alleges each and every factual allegation contained above.

63. Audubon violated TEX. FIN. CODE § 392.304(a)(5)(B) by failing to disclose that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated TEX. FIN. CODE § 392.304(a)(5)(B);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(5)(B)
## MR. MARCH

64. Plaintiff repeats and re-alleges each and every factual allegation contained above.

65. Audubon violated TEX. FIN. CODE § 392.304(a)(5)(B) by failing to disclose that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and Plaintiff.

66. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated TEX. FIN. CODE § 392.304(a)(5)(B);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XI
### VIOLATION OF TEX. FIN. CODE § 392.304(a)(8)
### AUDUBON

67. Plaintiff repeats and re-alleges each and every factual allegation contained above.

68. Audubon violated TEX. FIN. CODE § 392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated TEX. FIN. CODE § 392.304(a)(8);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(8)
## MR. MARCH

69. Plaintiff repeats and re-alleges each and every factual allegation contained above.

70. Audubon violated TEX. FIN. CODE § 392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

71. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated TEX. FIN. CODE § 392.304(a)(8);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)
## AUDUBON

72. Plaintiff repeats and re-alleges each and every factual allegation contained above.

15

73. Audubon violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including, but not limited to: misrepresenting the legal status of Plaintiff's alleged debt and conveying a false sense of urgency in attempting to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated TEX. FIN. CODE § 392.304(a)(5)(B);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIV
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)
## MR. MARCH

74. Plaintiff repeats and re-alleges each and every factual allegation contained above.

75. Audubon violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including, but not limited to: misrepresenting the legal status of Plaintiff's alleged debt and conveying a false sense of urgency in attempting to collect a debt.

76. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his

material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated TEX. FIN. CODE § 392.304(a)(19);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XV
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
### AUDUBON

77. Plaintiff repeats and re-alleges each and every factual allegation contained above.

78. Audubon violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Audubon from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);


d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XVI
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## MR. MARCH

79. Plaintiff repeats and re-alleges each and every factual allegation contained above.

80. Audubon violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

81. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Mr. March from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

 c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

 d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

 e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

 f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

 g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

 h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XVII
### TEX. BUS. & COM. CODE § 305.053
### DEFENDANTS

82. Plaintiff repeats and re-alleges each and every factual allegation contained above.

83. Plaintiff received communications originated by Defendants that violated 47 U.S.C. § 227.

 a) Adjudging that Defendants violated the TCPA;

 b) Enjoining Defendants from continuing its violative behavior, pursuant to TEX. BUS. & COM. CODE § 305.053(a)(1);

 c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

 d) Awarding Plaintiff actual damages pursuant to TEX. BUS. & COM. CODE § 305.053(b); and

 e) Awarding Plaintiff treble damages, pursuant to TEX. BUS. & COM. CODE § 305.053(c);

## TRIAL BY JURY

84.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 7th day of December, 2012.

>                By:  s/Noah D. Radbil
>                     Noah D. Radbil
>                     Texas Bar No. 24071015
>                     Southern District Bar No. 1069583
>                     WEISBERG AND MEYERS, LLC
>                     Two Allen Center
>                     1200 Smith Street, Sixteenth Floor
>                     Houston, TX 77002
>                     Telephone: (888) 595-9111 ext. 275
>                     Facsimile: (866) 565-1327
>                     noah.radbil@attorneysforconsumers.com
>
>                     *Attorney-in-Charge for Plaintiff*
>                     VITA YANCY